# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KERRY L. BROWN,** | ) |
| **Petitioner,** | ) ) ) |
| vs. | ) CIVIL NO. 07-139-MJR ) |
| **FIRST JUDICIAL CIRCUIT of ILLINOIS, Williamson County,** | ) ) ) ) |
| **Respondent.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner, an inmate in the Shawnee Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

In this case, Petitioner challenges his 2003 conviction in Williamson County, Illinois, for aggravated driving while license revoked and driving under the influence of alcohol; he was sentenced to an aggregate sentence of 30 months imprisonment. *People v. Brown*, Case No. 01-CF-495 (1st Jud. Cir., Williamson County, filed Nov, 8, 2001) (*see* Doc. 1, pp. 7-10). According to I.D.O.C. records, that sentence has been fully discharged.[1] Petitioner's current incarceration is the

---

[1] *See* I.D.O.C. website, http://www.idoc.state.il.us/subsections/search/inms.asp, accessed December 20, 2007.

result of his conviction, entered on March 14, 2006 in the Circuit Court of Woodford County, Illinois, of one count of aggravated driving under the influence and one count of aggravated driving while license revoked, for which he was sentenced to ten years' imprisonment and three years' imprisonment, respectively. *See* Petition for Writ of Habeas Corpus, *Brown v. Flagg*, No. 06-1209 (C.D. Ill. May 31, 2006).

"To petition a federal court for habeas relief from a state-court conviction, the applicant must be 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Garlotte v. Fordice*, 515 U.S. 39, 40 (1995) (quoting 28 U.S.C. § 2254(a)); *see also* 28 U.S.C. § 2241(c)(3). The Supreme Court has construed the "in custody" requirement to preclude a federal court from entertaining a habeas petition unless the "petitioner is 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

Because Petitioner has served the full sentence imposed on his Williamson County, Illinois conviction, Petitioner is not "in custody" under the state court judgment that is the subject of the instant petition. Therefore, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice for lack of subject matter jurisdiction. 28 U.S.C. § 2254(a).

**IT IS SO ORDERED.**

**DATED this 21st day of December, 2007.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**